United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20646
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS RODRIGUEZ-TERMINAL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-54-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Luis Rodriguez-Terminal (Rodriguez) appeals his guilty-plea conviction and sentence for illegal reentry following deportation. Rodriguez argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Rodriguez correctly acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review. See Apprendi, 530 U.S. at

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Rodriguez also contends that the district court erred in imposing a sentence pursuant to a belief that the Sentencing Guidelines were mandatory, in violation of United States v. Booker, 125 S. Ct. 738, 764-65 (2005). In the district court, Rodriguez argued that his sentence was improperly enhanced on the basis of his prior conviction for a crime of violence, in contravention of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). This court need not decide whether this objection preserved a mandatory-sentencing-guideline argument for appeal, as his claims would succeed even under plain error review.

Under a plain-error standard, the defendant bears the burden of "establish[ing] that the error affected the outcome of the district court proceedings." United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005)(internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 267 (2005); see also United States v. Cruz, 418 F.3d 481, 485 (5th Cir. 2005). In the instant case, the district court opined that in the absence of the Sentencing Guidelines, it would have imposed a lesser sentence than that called for under the Guidelines. Rodriguez has shown that this error had a substantial effect on his sentence. As a result, Rodriguez's sentence is VACATED and the case is REMANDED for further proceedings. See Cruz, 418 F.3d at 485.